# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANNA AULDRIDGE, ) | |
|           Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-08-267-JHP-KEW |
| ) | |
| MILLICENT NEWTON-EMBRY, ) | |
| Warden, ) | |
| ) | |
|           Respondent. ) | |

## OPINION AND ORDER

This is a § 2241 habeas corpus case filed by *pro se* Petitioner Deanna Auldridge. After reviewing the pleadings filed herein, including a notice of change of address from petitioner, this Court became concerned that while "in custody" at the time of filing the petition herein, Petitioner had been released and, therefore, her request for relief was moot. As a result, the Respondent was directed to advise the Court whether the Petitioner was still in custody on the revocation proceedings which she challenged. On June 23, 2011, Respondent advised this Court that "Petitioner was paroled from her revoked suspended sentence on November 26, 2008. She has discharged the portion of her original sentence which was revoked." Dkt. # 12. Petitioner has not filed any response contesting the statements of Respondent.

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). The case or controversy provision of Article III, Section 2 of the Constitution "subsists through

all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1955)). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner "must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision." *Spencer*, *supra*. A § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)).

The relevant inquiry in this case is whether the petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III. *Spencer*, 523 U.S. at 7; *see also Gille v. Booher*, No. 00-6106, 2000 WL 1174612 (10th Cir. Aug. 18, 2000) (unpublished). Petitioner must "continue to have a personal stake in the outcome" of her case in order to satisfy the case or controversy requirement of Article III. *Spencer*, 523 U.S. at 7.

In her petition, Petitioner seeks a ruling from this Court that her revocation proceedings were unconstitutional. Because Petitioner has been released from incarceration to serve the remaining portion of her suspended sentence, her incarceration can not be undone. *Gille*, 2000 WL 1174612, at *1 (quoting *Spencer*, 523 U.S. at 7-8). This case is

moot unless a favorable decision from this Court would shorten the term of her suspended sentence. Since the revocation has been served, this Court finds that Petitioner's federal habeas petition is moot regardless of whether she might be returned to prison for future probation violations. Accordingly, the § 2241 petition for a writ of habeas corpus shall be dismissed as moot.

IT IS SO ORDERED this 18th day of July 2011.

James H. Payne
United States District Judge
Eastern District of Oklahoma